# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRUSTEES OF THE TEAMSTERS 631  
SECURITY FUND FOR SOUTHERN NEVADA,

          Plaintiff,

vs.

NATIONAL CONVENTION SERVICES, et al.,

          Defendants.

Case No. 2:09-cv-02380-KJD-PAL

**ORDER**

(Mtn to Compel - Dkt. #27)

On August 24 2010, the court held a hearing on Plaintiff Trustees of the Teamsters Local 631 Security Fund for Southern Nevada's ("Plaintiff") Motion to Compel Contract Compliance Review (Dkt. #27) filed July 21, 2010. Dana B. Krulewitz and Xanna Hardman were present for Plaintiff; Janiece Marshall was present on behalf of Defendant Western Surety Company. On August 17, 2010, Plaintiff filed a Notice of Nonopposition (Dkt. #38). No opposition to the motion was filed by Defendant National Convention Services ("Defendant"), and pursuant to Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *Id.* The court has considered the Motion, the Nonopposition, and the arguments of counsel made on the record at the hearing.

The Motion to Compel (Dkt. #27) represents that Defendant is a signatory to a collective bargaining agreement, which requires it to comply with the terms and conditions of a trust agreement. Pursuant to the trust agreement, Defendant agreed to permit Plaintiff and its designees to conduct reviews of Defendant's payroll and related records in order to determine whether Defendant properly paid employee benefit contributions to Plaintiff.

Having reviewed and considered the matter, and for good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Contract Compliance Review (Dkt. #27) is GRANTED. Defendant shall produce the following documents for Plaintiff's inspection and review within **fourteen days** of the date this order is entered:

(a) Defendant's Nevada State Employers Quarterly Contribution and Wage Reports, including the List of Wages Paid pages showing employees and gross earnings, for January 2005 through the present;

(b) Defendant's list of all employees who worked in Southern Nevada and their classification (i.e. electrician, plumber, office, etc.) for January 2005 through the present;

(c) Defendant's payroll records showing all Southern Nevada employees, their hours and earnings, broken out by month, for January 2005 through the present;

(d) Defendant's monthly multiemployer trust fund remittance reports (to any multiemployer trust fund) for January 2005 through the present;

(e) Defendant's chart of accounts for January 2005 through the present;

(f) Defendant's list of jobs, including information showing any general contractors or subcontractor agreements, the name of the project, the type of work performed, and the number of hours spent on each project for January 2005 through the present;

(g) Defendant's employee time sheets showing hours worked by job or project for January 2005 through the present;

(h) Defendant's job cost reports showing hours worked by job or project for January 2005 through the present;

(i) Any other records reasonably necessary to determine the amount of hours and type of work performed by each of Defendant's employees for the period of January 2005 through the present.

Dated this 24th day of August, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE